IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
CIVIL NO: _____

**JANICE HENDERSON,**          3-14-cv-694-H          *Plaintiff*

vs.

**NORTHSTAR LOCATION SERVICES, LLC,**          *Defendant*

Serve:
Northstar Location Services, LLC
4285 Genesee Street
Cheektowaga, New York 14225

## COMPLAINT

NOW COMES Plaintiff, JANICE HENDERSON, by and through her attorneys, KROHN & MOSS, LTD., and for her Complaint against Defendant, NORTHSTAR LOCATION SERVICES, LLC, alleged and affirmatively states as follows:

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. § 1692 et seq.* ("FDCPA").

## PARTIES

2. Plaintiff, JANICE HENDERSON ("Plaintiff") is an individual who was at all times relevant hereto residing in the State of Kentucky, County of Jefferson.

3. Plaintiff is a consumer as that term is defined by 15 *U.S.C. § 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term in defined by 15 *U.S.C. § 1692a(5)*.

4. Defendant is a business entity with an office located at 4285 Genesee St., Cheektowaga, New York, 14225.

-1-

5. Defendant is a debt collector as defined by *15 U.S.C. § 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

6. Defendant has acted though its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## JURISDICTION AND VENUE

7. Jurisdiction of this court arises pursuant to *15 U.S.C. § 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

8. Defendant conducts business in the State of Kentucky establishing personal jurisdiction.

9. Venue is proper under *28 U.S.C. § 1391(b)(2)*.

## FACTUAL ALLEGATIONS

10. Defendant was assigned an account to collect monies from Plaintiff which were alleged to be owed and past due ("debt").

11. Defendant identified the debt with an account number ending 5828.

12. The alleged debt arises from personal transactions made on a Barklays credit card.

13. Around the begininning of the year, 2014, Defendant started its attempts to collect the alleged debt.

14. Defendant's collection attempts included sending written correspondence to Plaintiff ("collection letters") and placing telephone calls ("collection calls")

15. Defendant has been assigned multiple telephone numbers from its telephone service provider(s) which are used to place collection calls including, but not limited to, 855-211-4583.

16. In January, 2014, Plaintiff received a collection call from Defendant and spoke with one of Defendant's employees, a female identifying herself as Crystal Holmes ("Holmes").

17. The initial conversation did not result in any payments to Defendant.

18. Sometime after the initial conversation, Defendant called Plaintiff's parents, at telephone number (859) 231-08xx, and instructed Plaintiff's parents to have Plaintiff call it back.

19. Plaintiff never gave Defendnt her consent to call her parents, and Plaintiff's parents are not users of the Barklays credit card.

20. Defendant's call to Plaintiff's parents was not to acquire Plaintiff's location information, as Defendant spoke with Plaintiff before it called her parents.

21. Around the end of January or beginning of February, 2014, Plaintiff received a collection call from Defendant, which she answered.

22. Plaintiff informed Holmes that she was represented by an attorney, John Foote ("Foote"), that Defendant did not have her permission to contact her parents, and that she was working with a debt resolution company to attempt to resolve the alleged debt

23. Plaintiff provided Defendant with a name and contact number for her debt resoluation company, and instructed Defendant to call the debt resolution company.

24. Plaintiff provided Defendant with the information for her debt resolution company because she did not want to be harassed by Defendant's collection calls.

25. Despite Plaintiff's request, Defendant continued to place collection calls to Plaintiff.

26. On February 11, 2014, at around 8:30am, Plaintiff received and answered a collection call from Defendant.

27. Plaintiff spoke with a female employee for Defendant and again informed Defendant that she was working with a debt resolution company and instructed Defendant to call the debt resolution company regarding its collection attempts.

28. Defendant's employee told Plaintif that she had also worked a similar debt resolution company in the past, but that they don't work and Plaintiff should pay Defendant instead of "wasting" her money on a debt resolution company.

29. Defendant attempted to mislead and deceive Plaintiff so it could collect monies directly from her.

30. Plaintiff is annoyed and feels harassed by Defedant's collection activity.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

31. Defendant violated the FDCPA based on the following:

    a) Defendant violated §1692c(b) of the FDCPA by communicating with third parties without Plaintiff's consent;

    b) Defendant violated §1692d of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff.

    c) Defendant violated §1692e(10) of the FDCPA by using false representations and/or deceptive means to attempt to collect a debt.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JANICE HENDERSON, respectfully requests judgment be entered against Defendant, NORTHSTAR LOCATION SERVICES, LLC, for the following:

32. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. §1692k;*

33. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. §1692k*;

34. Any other relief that this Honorable Court deems appropriate.

-5-

Respectfully Submitted,

**JANICE HENDERSON**

By: /s/ Shireen Hormozdi
      Shireen Hormozdi
      Krohn & Moss, Ltd
      10474 Santa Monica Blvd. Suite 405
      Los Angeles, CA 90025
      Tel: (323) 988-2400 x 267
      Fax: (888) 755-0945
      shormozdi@consumerlawcenter.com
      Kentucky Bar No. 93993